## HILL, FONTAINE & CO. v. BLOOM, GOLDSMITH, TACHAN & CO.

**Federal Court — Removal of Causes from State Court.**

Where a cause has been removed, on petition, to the Federal court and by that court remanded to the State court, and the question of the right of removal is left in doubt, the action of the Federal court in remanding the cause will be accepted as correct.[1]

**Attachment — Plea in Abatement — Power of Court to Permit Amendment after Demurrer Has Been Sustained.**

The proper judgment when a demurrer to a plea in abatement has been sustained is *respondeat ouster*, but the court has power to permit the plea to be amended, and it should be exercised in a proper case, but the court must be informed of the nature of the proposed amendment, and why the plea was not made sufficient in the outset.[2]

**Same — Motion to Quash.**

Where the affidavit for an attachment substantially complies with the statute a motion to quash is properly overruled.[3]

2

On sustaining a demurrer to a plea the judgment should be *respondeat ouster*. Douglass v. Hendricks, Walk. 230; Southard v. Bowles, Walk. 325; Beatty v. Harkey, 2 S. & M. 563; Heyford v. Miss. Union Bank, 7 S. & M. 434; McMillan v. Causey, 43 Miss. 227.

But when a demurrer to a plea in abatement is sustained the judgment is *respondeat ouster*. Kendrick v. Watkins, 54 Miss. 495.

Upon sustaining a demurrer to a plea a failure to render judgment *respondeat ouster* is palpably erroneous, but the Supreme Court will not reverse for that, if the merits of the case were litigated and the judgment correct. (Lee v. Dozier, 40 Miss. 477, explained.) Wilkinson v. Cook, 44 Miss. 367.

If a demurrer to a plea be sustained judgment must be *respondeat ouster*, although there be another plea on file on which issue is joined. Drane v. Madison Co., 42 Miss. 264.

Unless the defendant obtain leave to plead over. Tittle v. Bonner, 53 Miss. 578.

3

A substantial, not a literal, compliance with the statute is all that is required. Wallis v. Wallace, 6 How. 254.

A creditor asked a justice of the peace to prepare papers for an attachment against his debtor, telling him the amount of the debt and the grounds of attachment; and the justice wrote an affidavit, bond, and writ, and handed them to him, asking "if that was all right," and the creditor answered that it was. The affidavit was not signed, and no oath was administered or attempted to be administered. *Held*, there was no affidavit, and the levy

Attachment by appellees, Bloom, Goldsmith, Tachan & Co. against L. H. Jones; plea in abatement by appellants, Hill, Fontaine & Co., intervening creditors of L. H. Jones. From verdict and judgment for plaintiffs in attachment defendants appeal. Affirmed.

Appellees, Bloom, Goldsmith, Tachan & Co., sued out a writ of attachment against L. H. Jones in the Circuit Court of Lee county. Appellants, creditors of Jones, under the Act of 1884, page 76, intervened by plea in abatement. They also petitioned for a removal of the cause to the Federal court. The petition for removal was denied.

Plaintiffs demurred to the plea in abatement and the demurrer was sustained, and the court refused to allow defendants to amend the plea. Defendant made a motion to quash the attachment, which was overruled. Final judgment was then rendered against Jones.

The following is the affidavit for writ of attachment objected to:

### AFFIDAVIT FOR ATTACHMENT.

STATE OF MISSISSIPPI, }
    Lee County.     }

This day personally appeared before me the undersigned Mayor of the town of Baldwyn, S. M. Taylor, agent and attorney of

based thereon was invalid, and no subsequent amendment could validate the proceedings so as to affect intervening rights. Carlisle v. Gunn, 68 Miss. 243, 8 So. 743.

Where an affidavit for attachment was read over by the justice of the peace to affiant, who, when asked by the justice if he would swear to it, said that he did, and both thought that this was all that was necessary to complete the oath, it is sufficiently formal and valid, although the signature of affiant was never affixed to the affidavit, nor that of the justice of the peace to the jurat. So held on an application to amend. Dunlap v. Clay, 65 Miss. 454, 4 So. 118.

In an affidavit for attachment it is error to allege several grounds disjunctively, but such a defect is amendable. Bishop v. Fennerty, 46 Miss. 570.

An affidavit in attachment may be amended, even after appeal to the Circuit Court, by permitting the officer to subscribe his name to the jurat. Boisseau v. Kahn, 62 Miss. 757.

An affidavit for attachment is void, which stated no grounds whatever for the issuance of the writ; and all proceedings based thereon, including the writ and the levy thereunder, and a replevy bond given by the defendants, are absolutely void. Wood v. Bailey, 77 Miss. 815, 27 So. 1001.

Bloom, Goldsmith, Tachan & Co., of Louisville, State of Kentucky, who makes oath that L. H. Jones is indebted to the said firm of Bloom, Goldsmith, Tachan & Co., in the sum of fourteen hundred fifty-one and 55/100 dollars, and that said L. H. Jones has assigned or disposed of or is about to assign or dispose of his property or rights in action, or some part thereof, with intent to defraud his creditors, and prays an attachment against the said L. H. Jones.

S. M. TAYLOR,

Agent and Attorney.

Sworn and subscribed before me this 24th day of January, 1885.

JNO. D. NORMON,

Mayor of Baldwyn.

APPEALED from Circuit Court of Lee county, J. W. BUCHANAN, Judge.

Affirmed February 15, 1886.

*Attorneys for appellant, H. M. Hill and J. A. Blair.*

*Attorneys for appellee, Allen & Robins.*

Brief of J. A. Blair:

This case is identical with that of Bamberger, Bloom & Co. *v.* L. H. Jones, Hill, Fontaine & Co., appellants.

The questions are: First, Did the court err in refusing the petition for removal. Second, or in sustaining the demurrer to the plea in abatement. Third, or in refusing leave to amend the plea in abatement.

I respectfully call the attention of the court to the modest brief in Hill, Fontaine & Co. against Bamberger, Bloom & Co., for my brief in this case, and thus avoid vain repetition.

Brief of Allen & Robins:

The questions raised in these three cases are very much the same, the main questions being identical.

The first error assigned in each of the cases is that the court erred in refusing to remove the causes to the United States court

at the instance of the appellants, who were intervening creditors under the Act of 1884.

We think that an examination of this statute will satisfy the court that the two courts, the Circuit Court below and the United States court, were right in denying this application.     *     *     *

As to the correctness of the judgment of the court below in sustaining the demurrer we have no doubt.     Whenever a creditor disposes of his property to defraud his creditors he subjects himself to atttachment, and it is not a question of which creditor he was trying to defraud.     Drake and Bump both state this principle in explicit terms.

The other question raised is the refusal of the court to allow the intervening creditors to amend the plea in abatement after the demurrer has been sustained to it.     This court has settled the question too often as to what judgment the court must render on sustaining a demurrer to the plea in abatement.     It is not a plea that could be amended after the demurrer had been sustained and there is no notice given the court as to how they proposed to amend, and even if this court were to hold that they had the right to make a proper amendment, yet this court cannot undertake to say whether the amendment they proposed to make was such as to bring the merits of the controversy between the parties fairly to trial, for the court is not notified as to what amendment the court refused to allow them to make.     The judgment in sustaining the demurrer was that the defendants plead to merits.     This they declined to do; their plea in abatement was dead and could not be amended; the only effect of any amendment that could be made would necessarily make a new plea and be a violation of the long-established rule of pleading that there shall be only one plea in abatement allowed.     *     *     *

The affidavit for attachment does not follow the statute strictly. We submit, however, the affidavit is good and a substantial compliance with the statute, but if we are wrong in this it is not a defect of which the intervening creditors can take advantage. Their position in the case does not allow them to take advantage of that.     *     *     *

OPINION.— PER CURIAM:

After an exhaustive examination of the multitudinous decisions of the many Federal courts on the removal of causes from State

courts, we are left in doubt on the question of the right of removal in these cases (except as to one in which the right did not exist for want of the diverse citizenship required) and accept as correct the view of the United States court in remanding to the State court.

The demurrer to the plea in abatement was properly sustained. The power to permit a plea in abatement to be amended exists and should be exercised in proper cases, but we are not willing to reverse a judgment merely because of its denial, when not informed of the nature of the proposed amendment and why the plea was not made sufficient at the outset, or why the demurrer was not confessed and leave to amend sought without waiting the judgment of the court upon it.

On sustaining a demurrer to a plea in abatement, the proper judgment is *respondeat ouster.* The party may be allowed to amend, but presumably the action of the court below is correct, and he who complains of it must show the contrary. This is not shown in these cases.

The motion to quash the attachment in one of the cases was properly overruled. The affidavit was a substantial compliance with the statute, and that is all that is required. Had it been defective it would have been amendable, and we do not perceive that the mover could have taken anything by the motion.

*Affirmed.*